Salem

DANNY TYRONE MOORE

v.

COMMONWEALTH OF VIRGINIA

No. 0294-91-3

Decided March 10, 1992

COUNSEL

Wayne O. Withers, Jr. (Gendron & Kirby, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General; Robert H. Anderson, III, Assistant Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Danny Tyrone Moore was convicted in a jury trial on two counts of distributing cocaine in violation of Code § 18.2-248. He was sentenced in accordance with the jury's verdict to forty years in the penitentiary and fined $50,000 for each count. He contends that the trial court erred in failing to sustain his objection to the Commonwealth's attorney's improper rebuttal argument and in failing to set aside the verdict and grant him a new trial. Because Moore's counsel failed to move for a mistrial or request a cautionary jury instruction, we hold that Moore is procedurally barred from challenging on appeal whether the prosecutor's rebuttal argument was improper.

During rebuttal argument, the Commonwealth's attorney stated, "You hear people say, 'What can I do about drugs in Martinsville.' Ladies and Gentlemen, you have the power to do something in these cases today. The focus is on you. I've done my job, now it's up to you to do your job. Thank you." Immediately, defense counsel stated, "I've got an objection. I know he's sat down. I didn't want to interrupt him mid-sentence. But the last statement . . . ." The court overruled counsel's "motion." The jury retired and returned with a verdict, convicting Moore. Defense counsel moved to set aside the verdict "as being influenced by the remarks of the prosecutor, to which I made an objection."

The Commonwealth contends that Moore is procedurally barred from challenging on appeal the propriety of the Commonwealth's attorney's remarks because he failed to move for a mistrial or request a cautionary instruction to the jury. Moore's counsel contends that the issue should not be procedurally barred, arguing that the purposes of Rule 5A:18 were met because he timely objected to the prosecutor's remarks and the trial court had the opportunity to consider and rule on the issue. He argues that to require counsel to move for a mistrial or request a cautionary instruction after the trial court has ruled that the argument was proper and not objectionable would be folly, would be an exercise in form over substance, and would probably invite the ire of the

trial judge.

■ The applicable rule of law is clear. Bound by principles of *stare decisis*, we are required to apply that rule.

> It is well-settled that errors assigned because of a prosecutor's alleged improper comments or conduct during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial. The motions must be made timely if the accused desires to take advantage of his objection on appeal.

*Cheng v. Commonwealth*, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990). *See also Martinez v. Commonwealth*, 241 Va. 557, 559 n.2, 403 S.E.2d 358, 359 n.2 (1991). Even though Moore's counsel objected to the purportedly improper remarks of the prosecutor, he did not timely move for a mistrial or request a cautionary instruction to the jury. Consequently, Moore is procedurally barred from contesting on appeal whether the prosecutor's remarks were proper.

For the foregoing reasons, Moore's convictions are affirmed.

*Affirmed.*

Koontz, C.J., and Elder, J., concurred.