COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


DONALD WEBSTER

v.          Record No. 2464-94-4      MEMORANDUM OPINION[*] BY
                                      JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                   NOVEMBER 7, 1995


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 William Shore Robertson, Judge


           Daniel R. Flynn, Assistant Public Defender,
           for appellant.

           Robert B. Beasley, Jr., Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.



     The appellant, Donald Webster ("Webster"), argues that the

trial court erred in allowing the Commonwealth to refer to the

sentences Webster received for his prior convictions while

arguing during the sentencing phase of Webster's trial.  We

conclude that Webster is procedurally barred from raising this

issue on appeal and, therefore, affirm Webster's conviction.

     Following a jury trial on September 22, 1994, Webster was

convicted of one count of robbery.  The trial court proceeded

with sentencing pursuant to Code § 19.2-295.1, and the

Commonwealth sought to introduce evidence of Webster's prior

convictions.  Webster's record of prior convictions included the

sentences arising from them.  The trial judge asked Webster

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

whether he objected to the record.  Webster responded, "no objection, judge," and the record was received.  Neither the Commonwealth nor Webster offered further evidence.  Prior to argument, the trial judge admonished the jury that, in imposing punishment, they were "not to concern [them]selves with what may happen afterwards."  During argument, the Commonwealth referred to Webster's prior convictions, emphasizing his previous sentences and, particularly, the portions suspended.  Webster objected to the Commonwealth's argument but did not move for a mistrial or ask the court for a cautionary instruction.  The jury sentenced Webster to a term of twenty years.

Under Rule 5A:18, this Court will not consider as a basis for reversal any ruling of the trial court "unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The record admitted into evidence contained evidence of Webster's prior sentences.  The trial court provided Webster the opportunity to object, but Webster failed to do so.  As such, Webster is procedurally barred from challenging the content of the evidence on appeal.  See Neal v. Commonwealth, 15 Va. App. 416, 423, 425 S.E.2d 521, 525 (1992); Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Although Webster objected when the Commonwealth referred to Webster's prior sentences during its closing argument, Webster

failed to ask for either a cautionary instruction or a mistrial.

As such, Webster failed to preserve his objection.  See <u>Mack v. Commonwealth</u>, 20 Va. App. 5, 8, 454 S.E.2d 750, 751 (1995); <u>Moore v. Commonwealth</u>, 14 Va. App. 83, 85, 414 S.E.2d 859, 860 (1992).

Moreover, Webster's argument would fail even if he had preserved his objection to the Commonwealth's closing argument.  In its argument, the Commonwealth simply recited information contained in Webster's record of conviction, admitted into evidence without objection.  Because the evidence of Webster's prior sentences was admitted into evidence, the Commonwealth was entitled to quote from it during its closing argument.  See <u>Hernandez v. Commonwealth</u>, 15 Va. App. 626, 636-37, 426 S.E.2d 137, 143 (1993).

Finally, this case does not meet the "ends of justice" exception to Rule 5A:18.  The "ends of justice" exception applies when the record "affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage <u>might</u> have occurred."  <u>Mounce v. Commonwealth</u>, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).  Here, the trial court admonished the jury not to consider what might happen to Webster after they imposed sentence.  "Unless the record shows to the contrary, it is to be presumed that the jury followed an explicit cautionary instruction promptly given."  <u>Albert v. Commonwealth</u>, 2 Va. App. 734, 741, 347 S.E.2d 534, 538 (1986) (quoting <u>Lavasseur v. Commonwealth</u>, 225 Va. 564, 589, 304 S.E.2d 644, 657

(1983)).  Nothing in the record indicates that the jury failed to follow the court's instruction or affirmatively shows that a miscarriage of justice occurred.

Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed</u>.