COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


DAVID HAWKINS

MEMORANDUM OPINION[*] BY
v.          Record No. 1876-94-1          JUDGE LARRY G. ELDER
                                            DECEMBER 12, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge


Willard M. Robinson, Jr., for appellant.

Richard W. Rizk, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Richard B. Smith, Assistant Attorney General,
on brief), for appellee.


David Hawkins (appellant) appeals his convictions for

abduction in violation of Code § 18.2-48 and rape in violation of

Code § 18.2-61.  Appellant contends the trial court erred (1) in

allowing testimony from a police detective concerning the

victim's identification of appellant in a photo spread, and

(2) in failing to admonish the jury to disregard the prosecutor's

statement during the sentencing phase that appellant was

previously convicted of rape, after the trial court ruled the

rape conviction could not be introduced.  Because the trial court

committed no error, we affirm appellant's convictions.


---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

FACTS

On October 2, 1993, the victim saw appellant exit a trailer at the trailer park where the victim lived. Appellant approached the victim and asked her to accompany him to a nearby convenience store. When the victim refused, appellant grabbed her hand and pulled her out of the trailer park. Appellant dragged the victim to a wooded area behind the convenience store where he removed her clothes and his own clothes. The victim testified that, while on top of her, appellant placed his penis inside her vagina four times, despite her protestations. Afterward, the victim dressed herself and returned to the trailer park. Subsequently, the victim picked appellant's picture from a six-man photo spread shown to her by Detective William Hayes of the Newport News Police Department.

At trial, the victim took the stand and identified appellant as her rapist. During lengthy cross-examination, appellant's counsel explored inconsistencies in the victim's identification of appellant.

The prosecutor asked Detective Hayes what he and the victim said at the time of the photo-spread identification. Appellant objected that such testimony was improper impeachment evidence, but the trial court overruled the objection. The prosecutor then elicited the following testimony:

> Q: Could you tell what you said to [the victim] and what happened basically without telling us her responses if

you could?

A:    Yes, ma'am, I showed her the photo-spread and I told her to look at it carefully and see if she could see anyone there that she recognized.

Q:    Okay.

A:    And she looked at it.

Q:    Could you tell us whether you saw her look at all of the photos?

A:    Well, I was setting [sic] next to her while she was looking at the photo-spread, I asked her to look at all of them.

Q:    And when you say that she picked out number six, what did you say?

A:    I told her after she picked it out, I told her, that's not him, and then she said, yes it is.

Appellant's Counsel:
      Your honor, that's what I objected to.

The Court:
      The portion of that that [sic] is what the young lady said is stricken.  The portion he said is appropriate for him to say that he did say something to her.

Prosecutor:
      Okay.

Q:    After you said, that's not him did you say anything else, Detective Hayes, that you recall?

A:    Right off I don't remember saying anything else.

Q:    Could you tell the jury why you said that's not him?

Appellant's Counsel:
      I object to that.

The Court:
      I'll sustain that objection.


After the jury found appellant guilty of abduction and rape, the trial court held a separate sentencing hearing with the jury

present.  The prosecutor commenced the proceedings by stating,
"Your Honor, the only evidence we would have for sentencing are
copies, certified copies of [appellant's] prior conviction for
rape."  Appellant's counsel immediately asked the trial court if
he could "clarify a couple of things out of the presence of [the]
jury," and the jury retired.  The trial court ruled the
Commonwealth could not introduce copies of appellant's prior rape
conviction because they had not been filed on time.  Appellant's
counsel concedes on brief he did not hear the prosecutor's
reference to appellant's "conviction for rape," and therefore did
not object to it or ask for a jury admonishment.  Because no
other sentencing evidence existed, both the Commonwealth and
appellant agreed neither would argue punishment.  The jury
returned verdicts sentencing appellant on both charges.

## II.

### HEARSAY STATEMENTS

We hold the trial court did not err in allowing Detective
Hayes to testify as to statements the victim made when she
identified appellant from a photo spread.  The law regarding
testimony about out-of-court identifications is well settled in
Virginia:  a party may introduce evidence of extrajudicial
identifications.  Johnson v. Commonwealth, 2 Va. App. 447, 450,
345 S.E.2d 303, 305 (1986).  Specifically addressing this issue,
the Supreme Court stated:

>    Where the witness who identified the accused out-
> of-court is available as a witness, so as to afford the

-4-

accused the rights of confrontation and cross-examination, the dangers sought to be avoided by the hearsay rule are absent and <u>the testimony of a third person as to the extrajudicial identification has been held to be admissible</u>. . . .

An identification made by a victim or an eyewitness soon after a crime has been committed may be more objective and accurate and have greater probative value than one made later in court when unduly suggestive circumstances, if present, or the changed appearance of the defendant, might adversely affect the identifier's testimony. Moreover, the memory of a witness may fade . . . . It is also not beyond the realm of possibility that an identifying witness may be inhibited by threat or intimidation from making a positive in-court identification. Accordingly, we agree with the reasoning of those courts which have approved the broad admissibility of identification evidence.

<u>Niblett v. Commonwealth</u>, 217 Va. 76, 82, 225 S.E.2d 391, 394 (1976)(emphases added); <u>see</u> <u>Martin v. Commonwealth</u>, 210 Va. 686, 173 S.E.2d 794 (1970); <u>Ellis v. Commonwealth</u>, 18 Va. App. 340, 444 S.E.2d 12 (1994); Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 18-30(b), at 195 (4th ed. 1993 & Supp. 1994)(stating hearsay evidence of pretrial identification is admissible as independent substantive evidence of identity). In this case, the victim was present in court and available for cross-examination. Hayes' testimony was therefore "properly admitted as evidence against [appellant], to be considered and weighed by the jury with the other evidence in the case." <u>Niblett</u>, 217 Va. at 83, 225 S.E.2d at 395.

Appellant objected to other aspects of Detective Hayes' testimony relating to the victim's comments after the identification, and those objections were sustained and certain

comments stricken.  Consequently these issues are not before this Court.

## III.

### PROSECUTOR'S IMPROPER STATEMENT

Second, we hold the trial court did not err in failing to admonish the jury, <u>sua sponte</u>, not to consider the prosecutor's reference to appellant's prior rape conviction. "[E]rrors assigned because of a prosecutor's alleged improper comments or conduct during oral argument will not be considered on appeal unless an accused moves for a cautionary instruction or for a mistrial." <u>Moore v. Commonwealth</u>, 14 Va. App. 83, 85, 414 S.E.2d 859, 860 (1992)(quoting <u>Cheng v. Commonwealth</u>, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990)); Rule 5A:18. Appellant is procedurally barred from challenging the remarks on appeal because he failed to request a curative instruction. <u>See</u> <u>Martin v. Commonwealth</u>, 11 Va. App. 397, 409, 399 S.E.2d 623, 629 (1990).

Accordingly, we affirm the convictions.

<u>Affirmed.</u>