# Richmond

Ellis W. Carner, Adm'r, Etc. v. D. H. Hendrix.

March 9, 1964.

Record No. 5719.

Present, All the Justices.

*William R. L. Craft, Jr.* (*William J. McGhee*, on brief), for the plaintiff in error.

*Robert J. Ingram* (*Gilmer, Harman & Sadler*, on brief), for the defendant in error.

Whittle, J., delivered the opinion of the court.

Ellis W. Carner, Administrator of John Francis Saunders, deceased, filed a motion for judgment against Hendrix seeking damages for the wrongful death of his decedent growing out of an automobile accident. Hendrix filed responsive pleadings and a jury was empaneled to hear the case.

At the conclusion of plaintiff's evidence counsel for Hendrix moved to strike the evidence and enter summary judgment for the defendant, which motion the court took under advisement. At the

conclusion of all the evidence Hendrix renewed his motion to strike which motion the court sustained and thereupon, over the objection of the plaintiff, entered summary judgment for the defendant. Upon petition of the administrator we granted a writ of error.

The assignment of error charges that the court erred in sustaining the defendant's motion to strike plaintiff's evidence on the ground that the ruling of the court was contrary to the law and the evidence "in that the evidence both by way of testimony and by way of physical evidence as shown by the exhibits proved negligence on the part of the defendant, which negligence the jury could have properly concluded was the proximate cause of the accident involved and which testimony and exhibits established a prima facie case on behalf of the plaintiff which should have been resolved by the jury."

In ruling upon the question as to whether or not the trial court has erred in sustaining a motion to strike the evidence of the plaintiff in a negligence case we view the evidence in the light most favorable to the plaintiff. *Weddle, Adm'x, etc.* v. *Draper*, 204 Va. 319, 322, 130 S. E. 2d 462, 465.

Considering the evidence in this light the record discloses that at approximately 4:55 P.M. on the day of the accident decedent was operating a 1955 Studebaker car south on State Route No. 615 in Montgomery County at a point near a garage operated by Aubrey Epperly. An unoccupied Ford automobile owned by Jimmy Epperly was parked on the shoulder of the road on the west side thereof and along the east side of the Epperly garage building.

Hendrix was the owner and operator of a 1960 International dump truck and at the time of the accident he was operating his loaded truck south on State Road 615 at a point approximately 45 feet south of the Epperly garage building preparatory to backing north along the road and into the south side of the Epperly garage lot. Before starting this backing operation Hendrix had stopped his truck on the highway where he engaged in a conversation with a person standing on the other side of the road, which conversation involved Hendrix' promise to deliver dirt to the party on the following day.

After concluding the conversation Hendrix started backing his truck along the road in a northerly direction in such a manner as to enable him to cut from a diagonal position into the garage lot where he could dump the cargo of dirt. Hendrix had been engaged in dumping dirt on this lot for some time prior to the accident. It had been his custom to either back into the lot or drive forward directly into it.

Traffic approaching the point of the accident from the north would be coming downgrade out of a sharp curve, the driver having approximately 150 feet visibility. As the decedent was driving this course he was suddenly confronted with the Hendrix truck backing in the highway. Decedent applied his brakes and his car skidded off the road into the parked automobile on the west side of the road, the left front of decedent's car striking the left rear of the parked Ford.

The impact involved the decedent's car skidding into the rear of the parked Ford and then turning partially around with its back stopping against the side of the Ford car. Whereupon the decedent was thrown from his automobile sustaining the injuries from which he died.

"It is well settled and this Court has said so time and again, that the question of negligence, indeed all kinds of negligence—primary, contributory, continuous and concurring—is one for the jury to determine. They are questions of fact, and the jury is the trier of such questions. It is only when the issue is one about which reasonable persons cannot differ—the question so plain in the meaning and interpretation that should be given to it—that no doubt is admitted of its legal significance and effect, that it becomes a question of law for the courts to determine." *Guy P. Riddle* v. *George L. Barksdale,* 194 Va. 766, 770, 75 S.E. 2d 507, 510.

In the instant case the evidence, together with the photographic exhibits showing the physical facts, clearly presented a jury question. It was for the jury to decide whether or not Hendrix was exercising due care to first ascertain that the backing movement in which he was engaged was such as could be made in reasonable safety and it was for the jury to say whether or not under the existing circumstances Hendrix gave or failed to give a reasonable and timely signal plainly visible to the decedent as contemplated by § 46.1-216 Code of Virginia 1950, as amended. In other words, it was for the jury to determine whether or not under the circumstances existing the defendant was exercising reasonable care in the backing of his truck, whether he was keeping a reasonable lookout for traffic and whether or not he gave a reasonably effective signal, such as would be required or contemplated under the conditions then existing.

Under the record before us the jury could have found that Hendrix had on this occasion created a dangerous situation which was the sole proximate cause of this accident.

The backing of a vehicle on a highway is more or less a hazardous

operation under favorable conditions and certainly the scene of this operation could have been more favorable. This operation was taking place at a point to some degree obstructed from vision, since the view of one approaching this downgrade curve was extremely limited. It was for the jury to appraise the defendant's conduct on the occasion and to say whether or not he acted as a reasonably prudent person should have acted under the circumstances.

We hold that the court erred in striking plaintiff's evidence. The judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*