## Richmond

MICHAEL EDWARD FULCHER

V.

COMMONWEALTH OF VIRGINIA

September 9, 1983.

Record No. 821549.

Present: All the Justices.

Jonathan M. Rogers (Strickland & Rogers, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this criminal appeal, the defendant contends the trial court improperly limited cross-examination of a witness for the prosecution in violation of defendant's Sixth Amendment right of confrontation. Without actually conceding the court below erred, the Attorney General argues that any such error was harmless beyond a reasonable doubt. We agree and affirm the conviction.

Michael Edward Fulcher was charged with statutory burglary and grand larceny as the result of a break-in at a residence in Botetourt County on June 9, 1981. James Manetta, an acquaintance of defendant who was also charged with the crimes, testified for the Commonwealth at Fulcher's trial. Manetta stated that defendant participated in the burglary in which stereo equipment, jewelry, and silverware were stolen. In fact, some of the equipment was seized by the police at defendant's home. Defendant denied guilt and produced corroborating evidence to support his alibi testimony, which placed him on a trip to Bristol at the time of the crimes.

Apparently believing the alibi, the jury found defendant not guilty of breaking and entering and not guilty of grand larceny, but convicted him of receiving stolen property, a lesser included offense of larceny. See Code § 18.2-108. The trial court confirmed the verdict and sentenced defendant to 12 months in jail and a fine of $1,000.

On appeal, defendant contends the trial court committed reversible error when it refused to permit him fully to impeach Manetta. The issue arose in the following manner.

Manetta, age 19 at the time of Fulcher's trial, previously had been charged in Botetourt in juvenile court petitions with four separate felonies arising from a 1979 burglary occurring when he was age 16. At the time of Fulcher's trial, these charges against Manetta had been "taken under advisement with disposition to be deferred until reset by Comm. Atty and defense counsel (for disposition)," according to notations in the juvenile court record.[1]

Prior to Fulcher's trial and after the jury had been impaneled, defense counsel moved the court to allow use of Manetta's juvenile record for impeachment. Based on what he said was his "understanding from the Commonwealth Attorney," Fulcher's attorney mistakenly assumed and advised the trial court that the juvenile court had already "disposed" of the charges against Manetta. The Commonwealth's Attorney did not correct that misimpression. At that stage of the proceedings, no documents showing the correct status of Manetta's juvenile charges had been presented to the trial judge. Such records were not shown to the judge until after Fulcher had been sentenced, when they became a part of the trial record as the result of a proffer made by defense counsel.

Accepting the misinformation, the court sustained the prosecutor's objection to the motion on the ground that such cross-examination should not be allowed because contents of juvenile court records could not be divulged, observing it was the court's "understanding that those matters [involving Manetta] are at [an] end as far as disposition and adjudication."[2] The trial court also ruled, however, that defendant could ask Manetta whether he was on probation or subject to a suspended jail sentence, provided no reference was made to any juvenile court proceeding. In addition, the court ruled that Manetta could be asked whether he had received any offers of leniency or any other "consideration" from the prosecutor for his testimony at the Fulcher trial, without referring specifically to any juvenile charge.

At the trial, the Commonwealth's Attorney during direct examination of Manetta showed that he had been convicted but not

---

[1] About one week after Fulcher was sentenced, Manetta pled guilty to the charges and was sentenced accordingly.

[2] Code § 16.1-305 limits access to all juvenile court records and provides for their confidentiality.

sentenced for the same offense for which Fulcher was being tried, that he had been convicted of a prior breaking and entering in Roanoke County, and that the witness had not been promised any "favors or any other consideration" by the Botetourt Sheriff or prosecutor in return for his testimony. During Manetta's cross-examination, defendant showed the witness was on "indefinite" probation as the result of the Roanoke conviction.

It is apparent that we are being asked to reverse the court below on facts that are different from those presented to the trial judge. Because the prosecutor and defendant's trial counsel failed to supply the judge with accurate data of record, the court believed Manetta's juvenile charges had been finally disposed of and did not know at the time of the challenged ruling that Manetta was awaiting sentencing on the four charges pending in the same jurisdiction in which Fulcher was being tried. Nevertheless, we will agree with defendant and assume without deciding the trial court improperly limited defendant's cross-examination. *See Davis v. Alaska*, 415 U.S. 308 (1974) (under the Sixth and Fourteenth Amendments, a criminal defendant's right of confrontation is paramount to the State's policy of protecting juvenile offenders, so that the right effectively to cross-examine a witness to show bias, a specific attack on credibility, outweighs any embarrassment to the witness resulting from disclosure of his juvenile court record). *But cf. Kiracofe v. Commonwealth*, 198 Va. 833, 97 S.E.2d 14 (1957) (refusal to permit cross-examination of witness to show prior juvenile felony adjudication, a general attack on credibility, is proper).

Any such error, however, was harmless beyond a reasonable doubt. From the verdict, it is apparent the jury disregarded Manetta's testimony which implicated defendant in the burglary and larceny; Fulcher was found not guilty of those offenses. But defendant points out the jury was instructed an essential element of the offense of receiving stolen property was that, at the time of receipt, the defendant knew the goods had been stolen. Defendant argues the evidence as to defendant's knowledge was purely circumstantial except for Manetta's direct testimony on that fact. Thus, defendant contends, assuming Manetta was "totally discredited," it cannot be said the evidence conclusively establishes defendant's guilt. We do not agree.

Testimony of two police officers and of a person to whom defendant sold some of the stereo equipment placed defendant in

exclusive possession of the recently stolen goods. In addition, defendant failed fully to account to one of the officers for his receipt of the property.

Moreover, defendant testified and sought to explain the possession. This explanation was completely discredited. For example, defendant said that when he arrived at his home from work, on a day determined to be within a week of the burglary, Manetta was there with a quantity of stereo equipment stacked on the porch. Defendant testified he saw no car, no truck, or any other indication of how Manetta transported the goods to that location. He admitted he did not ask Manetta how he came into possession of the equipment. Defendant testified he subsequently agreed to sell some of the equipment for Manetta and gave conflicting testimony about the specific arrangements that were made to dispose of the goods. Obviously, the jury disbelieved defendant.

Given the uncontradicted testimony placing the recently stolen property in defendant's exclusive possession, defendant's evasive responses to the police, and the bizarre explanation of such possession made by the accused, we are satisfied, even if defendant had been afforded the opportunity fully to impeach Manetta, the Commonwealth discharged its evidentiary burden to establish that defendant was guilty of receiving stolen goods. *See Reaves* v. *Commonwealth*, 192 Va. 443, 448-52, 65 S.E.2d 559, 562-65 (1951). Consequently, any error in imposing a minor limitation on cross-examination of Manetta, who was not the key prosecution witness on the receipt of stolen property charge, was harmless beyond a reasonable doubt. *United States* v. *Hastings*, 461 U.S. 499, 512 (1983); *Chapman* v. *California*, 386 U.S. 18 (1967); *Simmons* v. *Commonwealth*, 225 Va. 111, 121-22, 300 S.E.2d 918, 923-24 (1983); *Yager* v. *Commonwealth*, 220 Va. 608, 614-15, 260 S.E.2d 251, 255-56 (1979). *Cf. Johnson* v. *Commonwealth*, 224 Va. 525, 298 S.E.2d 99 (1982) (limiting defendant's cross-examination of only witness for prosecution who implicated defendant held not to be harmless error beyond a reasonable doubt); *Hummel* v. *Commonwealth*, 217 Va. 548, 231 S.E.2d 216 (1977), *cert. denied*, 440 U.S. 935 (1979) (erroneous restriction of cross-examination of Commonwealth's principal witness not harmless beyond a reasonable doubt).

For these reasons, the judgment of conviction will be

*Affirmed.*