COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


VICTOR FRANCIS, S/K/A
 VICTOR LYNN FRANCIS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0860-96-2       JUDGE LARRY G. ELDER
                                      SEPTEMBER 16, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Charles L. McCormick, III, Judge

Robert H. Morrison (Bennett & Morrison,
P.L.C., on brief), for appellant.

Richard B. Smith, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Victor Lynn Francis (appellant) appeals his conviction of

selling cocaine as a principal in the second degree.  He contends

that the evidence was insufficient to prove that he acted as a

principal in the second degree to the sale of cocaine between

Timothy Crews and Mr. and Mrs. Conald Fisher.  He argues that the

Commonwealth's evidence merely shows that he was present at the

scene of the transaction between Crews and the Fishers and that

no evidence established that he knew a drug sale would take place

prior to its occurrence.  For the reasons that follow, we affirm.

A person who participates in the commission of a felony as a

principal in the second degree "may be indicted, tried, convicted

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and punished in all respects" as if he or she were the actual perpetrator of the crime. See Code § 18.2-18. In order to prove that an accused is criminally liable as a principal in the second degree, the Commonwealth must prove (1) that "a principal in the first degree committed the underlying substantive offense," Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 182 (1991), and (2) that the accused acted as a principal in the second degree.

Appellant concedes that the evidence proved that Crews sold cocaine to the Fishers. Thus, the issue in this case is whether the evidence was sufficient to prove that appellant aided and abetted Crews as a principal in the second degree.

"A principal in the second degree is one who is not only present at a crime's commission, but one who also commits some overt act, such as inciting, encouraging, advising, or assisting in the commission of the crime or shares the perpetrator's criminal intent." Moehring v. Commonwealth, 223 Va. 564, 567, 290 S.E.2d 891, 892 (1982). "In order for a person to be a principal in the second degree to a felony, the individual must 'know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime.'" Jones v. Commonwealth, 15 Va. App. 384, 387, 424 S.E.2d 563, 565 (1992) (quoting McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980)). "[M]ere presence and consent are not sufficient to constitute one

[a principal in the second degree]. 'There must be something done or said by [the accused] showing (a) his consent to the felonious purpose and (b) his contribution to its execution." Jones v. Commonwealth, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967).

> When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom. The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.

Brooks v. Commonwealth, 15 Va. App. 407, 414, 424 S.E.2d 566, 571 (1992) (citing Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988)).

We hold that the evidence was sufficient to support the jury's conclusion that appellant acted as a principal in the second degree to Crews' sale of cocaine to the Fishers. The record indicates that appellant both assisted Crews in the transaction and shared his criminal intent to sell cocaine. Crews was at appellant's house on June 9 when he called Mrs. Fisher offering to sell her and Mr. Fisher cocaine. Mrs. Fisher called Crews back a short while later, and the two arranged the details of the transaction. At the conclusion of this second phone call, Crews said that "they" would meet the Fishers at a designated place near Childrey Creek. The record established that, a short while later, appellant drove Crews to meet the

3

Fishers. When appellant and Crews arrived at the scene of the transaction, appellant pulled his car next to the Fishers, who were sitting in their car. Crews then tossed a plastic bag of cocaine from his location in the passenger seat, across the front of appellant, and into the Fishers' car. In return, Mr. Fisher threw $80 in folded bills into appellant's car, which landed in Crews' lap. A few minutes later, appellant told Mr. Fisher, "You got that shit. You ain't gonna do nothin' tomorrow." Appellant then drove Crews away from the scene.

Contrary to appellant's assertion, the record indicates that he was much more than a passive observer of the cocaine sale. He drove appellant to and from the scene of the transaction. In addition, the evidence that Crews arranged the sale using appellant's home telephone and stated that "they" would meet the Fishers to complete the sale, and the short interval of time between the arrangement and execution of the transaction supports the inference that appellant knew of Crews' intention when he drove Crews to meet the Fishers.

Because we cannot say that the jury's verdict was either plainly wrong or unsupported by the evidence, we affirm the conviction.

<u>Affirmed</u>.