COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


TOMMY RUSSELL BOSTIC
                                            OPINION BY
v.    Record No. 0268-99-3          JUDGE SAM W. COLEMAN III
                                         FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                   J. Samuel Johnston, Jr., Judge

          P. Scott De Bruin (De Bruin & Layne, P.C., on
          brief), for appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Tommy Russell Bostic was convicted in a jury trial of two

counts of sodomy and one count of contributing to the

delinquency of a minor.  Bostic argues that he was denied his

constitutional right to confront the witnesses against him when

the trial court denied his request to impeach a Commonwealth's

witness by introducing evidence of the witness' juvenile guilty

adjudications.  We disagree and affirm the convictions.

                            BACKGROUND

     In 1996, Bostic, who was twenty-eight years old at the time,

met the victim, Christopher Chittum, who was then fifteen years

old.  They met through their mothers who worked together at the

same hospital.  Bostic and Chittum developed a friendship, and

Chittum would go to Bostic's home where Bostic would give him cigarettes and liquor. According to Chittum, on one occasion within weeks of their meeting, Bostic "forced" Chittum to perform oral sex on Bostic. Chittum testified that he later voluntarily performed oral sex on Bostic at his home at least seven times. Throughout the course of their relationship, Bostic continued to give Chittum cigarettes and liquor.

Prior to trial, Bostic filed a motion requesting that he be permitted to introduce evidence that Chittum had two juvenile guilty adjudications, one for rape and one for throwing a missile into an unoccupied vehicle. The trial court denied the motion.

ANALYSIS

Bostic argues that he was denied his right to confront the witnesses against him because he was not permitted to use Chittum's juvenile convictions for impeachment purposes. See U.S. Const. amend. VI; Va. Const. art. I, § 8. He acknowledges that the Supreme Court held in Kiracofe v. Commonwealth, 198 Va. 833, 97 S.E.2d 14 (1957), that a juvenile adjudication of delinquency "involving a felonious offense or one involving larceny" was not admissible to impeach generally a witness' credibility. He argues, however, that following the Kiracofe decision numerous changes have occurred in the juvenile law which have eroded the privacy protections afforded juveniles and those changes have destroyed the basic concepts upon which the Court based the

- 2 -

*Kiracofe* holding.  He argues that because the laws regarding confidentiality of juvenile proceedings have been relaxed since the *Kiracofe* decision and because the primary focus of juvenile proceedings has changed from rehabilitative to punitive, the policy interests in protecting the confidentiality of a juvenile offender's record, which were the basis for the *Kiracofe* holding, are no longer sound.  Significantly, Bostic contends that former Code § 16.1-179, upon which the *Kiracofe* Court primarily relied, expressly stated that a juvenile adjudication shall not "be denominated a conviction."  Code § 16.1-179 has since been repealed.  Accordingly, Bostic urges that *Kiracofe* is no longer controlling because the statutes on which it was based are no longer the law.  He further urges that we would not be required to overrule *Kiracofe* in order to find the evidence of prior juvenile adjudications admissible for impeachment; rather, we would be declaring a new policy based upon the revised juvenile statutes, which adopt a policy that juvenile proceedings and their records shall be more open to the public.

The "defendant's right of confrontation is paramount to the State's policy of protecting juvenile offenders, so that the right effectively to cross-examine a witness to show bias, a specific attack on the credibility, outweighs any embarrassment to the witness resulting from a disclosure of his juvenile court record." *Fulcher v. Commonwealth*, 226 Va. 96, 99, 306 S.E.2d 874, 876

(1983) (citing Davis v. Alaska, 415 U.S. 308, 319-20 (1974)).
"However, a court may refuse the use of juvenile convictions in a
general attack on witness credibility."  Moats v. Commonwealth, 12
Va. App. 349, 354, 404 S.E.2d 244, 246 (1991) (citing Kiracofe,
198 Va. 833, 97 S.E.2d 14).

In Kiracofe, the Supreme Court, relying on former Code
§ 16.1-179, noted that the protections for ensuring the
confidentiality of juvenile proceedings are grounded in the
policy interest that juvenile proceedings are corrective rather
than punitive.  See 198 Va. at 844, 97 S.E.2d at 21.  And, as
Bostic notes, Code § 16.1-179 has been repealed and several
other statutory provisions have relaxed juvenile privacy
interests in certain circumstances.  Nevertheless, we are
constrained by our previous decisions and those of the Supreme
Court.  See Commonwealth v. Burns, 240 Va. 171, 173-74, 395
S.E.2d 456, 457 (1990) (a panel decision of this Court is
established precedent and binding under rules of stare decisis
upon subsequent panels); Moore v. Commonwealth, 14 Va. App. 83,
85, 414 S.E.2d 859, 860 (1992) (panels of the Court of Appeals
are bound by Supreme Court precedent).  If Kiracofe is to be
overruled, we believe that it must be expressly overruled by the
Supreme Court or by the General Assembly.  We are unwilling to
hold that the General Assembly, by repealing Code § 16.1-179 and

revising a number of juvenile statutes dealing with privacy, implicitly overruled the Supreme Court's holding in Kiracofe.

We, therefore, are bound by the Supreme Court's decision in Kiracofe and by our decision in Moats. Here, Bostic sought to use Chittum's juvenile convictions to impeach Chittum and to attack Chittum's credibility, rather than to prove Chittum was biased. The trial court did not err by refusing to permit Bostic to question Chittum regarding his juvenile convictions; accordingly, Bostic was not denied his right to cross-examine witnesses. The judgment of the trial court is affirmed.

Affirmed.