COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Coleman
Argued at Alexandria, Virginia


MICHAEL EUGENE DONATI
                                              OPINION BY
v.   Record No. 2127-00-4           JUDGE SAM W. COLEMAN III
                                            MARCH 5, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                R. Terrence Ney, Judge

        James G. Connell, III (Devine & Connell,
        P.L.C., on briefs), for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    Michael Eugene Donati appeals his jury trial conviction for

perjury. He contends the trial court erred by denying his motion

to strike the evidence as insufficient to prove perjury in

violation of Code § 18.2-434. He argues the Commonwealth failed

to prove falsity by two witnesses, or one witness supported by

significant corroborating evidence, as required by case law,

citing Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025 (1876).

For the reasons that follow, we disagree and affirm his

conviction.

                        BACKGROUND

    On November 18, 1999, during a hearing in the Fairfax Circuit

Court to revoke Donati's probation, the Commonwealth introduced

into evidence a videotape purporting to show Donati exposing himself and masturbating in a public building in Bethesda, Maryland. Security cameras in the building had recorded Donati's activities on videotape. The videotapes were introduced to prove that Donati had violated the terms and conditions of his probation by exposing himself in public in violation of the conditions that he be of good behavior and not violate the law. At the revocation hearing, Donati admitted he was the man depicted on the videotape but denied that the acts shown on the video were of him exposing himself or masturbating. As a result of those denials by Donati at the revocation hearing while under oath, the Commonwealth charged Donati with perjury.

Viewing the evidence in the light most favorable to the Commonwealth, Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991), it proved that on June 22, 1999, Detective Herbert C. Kahala observed Donati enter a business building at 4815 Rugby Avenue in Bethesda, Maryland, wearing a white tank top, gym shorts, and white tennis shoes. Donati remained in the building for fifteen to twenty minutes. Surveillance tapes from the security system in the building depicted Donati in a hallway with his penis exposed in a visibly aroused state, masturbating. The Commonwealth also introduced still photographs of Donati produced from the videotape.

-

ANALYSIS

> Since at least 1840, the Commonwealth appears to have had in force a statutory definition of the crime of perjury. See Commonwealth v. Stockley, 37 Va. (10 Leigh) 712, 718 (1840). From that time to the present, the Code has provided, in effect, that "[i]f any person to whom an oath is lawfully administered on any occasion willfully swear falsely on such occasion touching any Material matter or thing, . . . he shall be guilty of perjury." See Code § 18.2-434. While the Code has never expressly required corroboration to sustain a perjury conviction, from an early date, our courts have imposed a corroboration requirement.

Keffer v. Commonwealth, 12 Va. App. 545, 547, 404 S.E.2d 745, 746 (1991) (footnote omitted). The corroborating evidence rule "is founded upon the idea that it is unsafe to convict in any case where the oath of one man merely is to be weighed against that of another." Schwartz, 68 Va. (27 Gratt.) at 1027; accord Stewart v. Commonwealth, 22 Va. App. 117, 120, 468 S.E.2d 126, 127 (1996); Keffer, 12 Va. App. at 548, 404 S.E.2d at 747. "'[W]hen there is witness against witness, oath against oath, there must be other evidence to satisfy the mind.'" Keffer, 12 Va. App. at 548, 404 S.E.2d at 747 (quoting Swartz, 68 Va. (27 Gratt.) at 1027). "The purpose of requiring corroborating evidence is to 'confirm the single witness' testimony . . . .'" Stewart, 22 Va. App. at 120, 468 S.E.2d at 127 (quoting 7 Wigmore on Evidence § 2042, at 364 (Chadbourn ed. 1978). In Keffer we emphasized that the corroborating evidence rule of

-

"<u>Schwartz</u> remains in effect . . . in the event the case is supported by the testimony of only one witness."  <u>Keffer</u>, 12 Va. App. At 549, 404 S.E.2d at 747.

We find that the rule enunciated in <u>Schwartz</u> and its progeny is inapplicable in light of the facts of the case before us.  This case does not involve the weighing of competing oaths and is not supported by the testimony of only one witness, circumstances which the <u>Schwartz</u> rule addresses.  Instead, Donati's denials under oath that he exposed himself and masturbated in public, acts which constituted the basis of the perjury charge, were contradicted by the video recording of his actions.  Thus, the jury weighed Donati's oath against competent, authenticated, real evidence, consisting of a videotape and photographs of the acts in which Donati denied being engaged.  As such, the concerns of oath against oath or one witness testifying contrary to the defendant, which were raised in <u>Schwartz</u>, are not at issue here.[1]

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The jury accepted the account of what was depicted

---

[1] We do not in our ruling today overturn or modify <u>Schwartz</u> and its progeny in any way.  We find simply that those cases are inapplicable.

-

on the videotape and found that Donati falsely testified at the revocation hearing when he denied that he exposed himself and masturbated.

To support Donati's conviction, "[a]ll that was required to be proven was that appellant, being duly under oath, willfully swore falsely to material facts." Sheard v. Commonwealth, 12 Va. App. 227, 233, 403 S.E.2d 178, 181 (1991). The Commonwealth introduced a properly authenticated videotape depicting Donati exposing his penis and masturbating. The Commonwealth also presented evidence that, under oath, Donati claimed he did not engage in that activity. "Videotapes, like photographs, when properly authenticated, may be admitted . . . 'as "mute," "silent," or "dumb" independent photographic witnesses.'" Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992) (citation omitted).

> [E]ven though no human is capable of swearing that he personally perceived what a photograph [or videotape] purports to portray . . . there may nevertheless be good warrant for receiving [it] in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph [or videotape] should then be received as a so-called silent witness or as a witness which "speaks for itself."

Id. (citations omitted). In this case, the videotape speaks for itself and proved that Donati testified falsely under oath. The

-

evidence is sufficient, as a matter of law, to support Donati's conviction for perjury.

Affirmed.

Benton, J., dissenting.

The majority apparently believes that as a policy matter a video recording is to be deemed more credible, as a matter of law, than the testimony of the most reliable and credible human witness. Consequently, it has found inapplicable the long standing rule in Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025 (1876), requiring corroborating evidence to prove perjury. "If [Schwartz] is to be overruled, . . . it must be expressly overruled by the Supreme Court." Bostic v. Commonwealth, 31 Va. App. 632, 636, 525 S.E.2d 67, 68 (2000). Because we are "constrained by our previous decisions and those of the Supreme Court," id. at 635, 525 S.E.2d at 68, I would apply the Schwartz rule, which is clearly stated and is contrary to the majority's holding. Therefore, I dissent.

"The common law crime of perjury is codified at Code § 18.2-434." Williams v. Commonwealth, 8 Va. App. 336, 339, 381 S.E.2d 361, 364 (1989). For over a century, the Supreme Court of Virginia has recognized the following principle applicable to that crime:

> No rule is perhaps better settled than that to authorize a conviction of perjury there must be two witnesses testifying to the falsity of the statement, or one witness with strong corroborating circumstances of such a character as clearly to turn the scale and overcome the oath of the party and the legal presumption of his innocence. This rule is founded upon the idea that it is unsafe to convict in any case where the oath of one man merely is to be weighed

-

against that of another. . . . [T]he confirmatory evidence however must be of a strong character, and not merely corroborative in slight particulars.

Schwartz, 68 Va. (27 Gratt.) at 1027. Elaborating further, the Court explained that "[w]hen we speak of corroborative evidence, we . . . mean . . . evidence aliunde, evidence which tends to show the perjury independently." Id. at 1032. Indeed, we recently applied the rule and reiterated its unambiguous command as follows:

We hold that the law as stated in Schwartz remains in effect and a perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness.

Keffer v. Commonwealth, 12 Va. App. 545, 549, 404 S.E.2d 745, 747 (1991) (emphasis added).

The Commonwealth sought to prove that Michael Donati committed perjury when he denied masturbating inside a building. In its case-in-chief, the Commonwealth offered as evidence a video, which depicted Donati inside the building. The photographs, which the majority identifies as part of the "real evidence," were derived from the video recording and, thus, constitute the same evidence as the video. The photographs were not independently generated by a still camera that captured Donati's images. "Videotapes, like photographs, when properly authenticated, may be admitted under either of two theories:

-

'(1) to illustrate the testimony of a witness, and (2) as "mute," "silent," or "dumb" independent photographic witnesses.'" Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992) (citations omitted).

In this case, however, no witness testified concerning the events depicted on the video recording. The video recording obviously was admitted into evidence as a "'"mute," "silent," or "dumb" independent photographic'" witness. Id. The video recording and the photographs, which were derived from images on the video recording, merely provided depictions of physical facts that presented a jury question. See Carner, Adm'r v. Hendrix, 205 Va. 24, 26, 135 S.E.2d 113, 115 (1964); Wilson v. Commonwealth, 29 Va. App. 236, 240, 511 S.E.2d 426, 428 (1999). The law does not conclusively presume a fact merely because the Commonwealth alleges that a video recording or photograph depicts such a fact.

At the conclusion of the evidence, the trial judge instructed the jury that "[t]he Commonwealth must establish the falsity of the statement under oath by two or more witnesses, or by one witness whose testimony is corroborated by circumstances inconsistent with the innocence of . . . Donati and directly intended to support the testimony of the accusing witness." This instruction has its genesis in Schwartz, 68 Va. (27 Gratt.) at 1027, a rule of Virginia law that is more than a century old. Giving little deference to this rule, the majority essentially

-

eviscerates it, noting merely that the Commonwealth's proof in this case was "real evidence, consisting of a videotape and photographs."  Upon that premise, solely, the majority holds that because the jury did not have to decide between competing oaths of a witness and the defendant, the "corroborating evidence" rule is inapplicable.

This case presents no reason to deviate from the Schwartz rule.  Even if we assume (1) that the video recording is evidence having the dignity of a witness under oath and (2) that the jury found the video recording to be credible evidence from a "witness" that Donati's testimony at the revocation proceeding was false, the issue remains, under the Schwartz rule, whether the Commonwealth proved "other corroborating evidence of falsity."  Keffer, 12 Va. App. at 549, 404 S.E.2d at 747.  See also Schwartz, 68 Va. (27 Gratt.) at 1032 (holding that corroborating evidence means "evidence aliunde, evidence which tends to show the perjury independently").  The only other evidence that remotely bears on this issue was the detective's testimony that he saw Donati enter the building and later leave it.  The fact that Donati was in the building was undisputed. The detective's testimony does not tend to prove in any manner what Donati did inside the building, which is the subject of Donati's testimony that the Commonwealth alleges to be perjury.

Under the common law, perjury has always been difficult to prove because of this stringent proof requirement.  Citing "the

-

two-witness rule, under which 'the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused,'" Dunn v. United States, 442 U.S. 100, 108 n.6 (1979) (citation omitted), the United States Supreme Court noted that "the strict common law requirements for establishing falsity . . . often [makes] prosecution for false statements exceptionally difficult." Id. at 108.

As Wigmore notes, "there may be reasons of policy, founded on experience . . . , sufficient to justify [the rule's] maintenance." 7 Wigmore on Evidence § 2041, at 361 (Chadbourn ed. 1978). "[W]hen we consider the very peculiar nature of this offense, and that every person who appears as a witness in a court of justice is liable to be accused of it by those against whom his evidence tells, . . . we shall see that the obligation of protecting witnesses from oppression, or annoyance, by charges, or threats of charges of having borne false testimony, is far paramount to that of giving even perjury its deserts." Id. (citation omitted). "The rule may originally have stemmed from quite different reasoning, but implicit in its evolution and continued vitality has been the fear that the innocent witnesses might be unduly harassed or convicted in perjury prosecutions if a less stringent rule were adopted." Weiler v. United States, 323 U.S. 606, 609 (1945). I believe that this common law rule, which is long standing in Virginia, cannot be

-

discarded merely upon a conclusion that <u>Schwartz</u> and similar "cases are simply inapplicable" to the facts of this case.

For these reasons, I would hold that the Commonwealth failed to introduce corroborating evidence of the videotape and, for that reason, under <u>Schwartz</u>, the evidence was insufficient to prove beyond a reasonable doubt perjury.  I would reverse the conviction.