BENTON, J.,
dissenting.
The majority apparently believes that as a policy matter a video recording is to be deemed more credible, as a matter of law, than the testimony of the most reliable and credible human witness. Consequently, it has found inapplicable the *580 long standing rule in Schwartz v. Commonwealth, 68 Va. (27 Gratt.) 1025 (1876), requiring corroborating evidence to prove perjury. “If [Schwartz ] is to be overruled, ... it must be expressly overruled by the Supreme Court.” Bostic v. Commonwealth, 31 Va.App. 632, 636, 525 S.E.2d 67, 68 (2000). Because we are “constrained by our previous decisions and those of the Supreme Court,” id. at 635, 525 S.E.2d at 68, I would apply the Schwartz rule, which is clearly stated and is contrary to the majority’s holding. Therefore, I dissent.
“The common law crime of perjury is codified at Code § 18.2-434.” Williams v. Commonwealth, 8 Va.App. 336, 339, 381 S.E.2d 361, 364 (1989). For over a century, the Supreme Court of Virginia has recognized the following principle applicable to that crime:
No rule is perhaps better settled than that to authorize a conviction of perjury there must be two witnesses testifying to the falsity of the statement, or one witness with strong corroborating circumstances of such a character as clearly to turn the scale and overcome the oath of the party and the legal presumption of his innocence. This rule is founded upon the idea that it is unsafe to convict in any case where the oath of one man merely is to be weighed against that of another.... [T]he confirmatory evidence however must be of a strong character, and not merely corroborative in slight particulars.
Schwartz, 68 Va. (27 Gratt.) at 1027. Elaborating further, the Court explained that “[w]hen we speak of corroborative evidence, we ... mean ... evidence aliunde, evidence which tends to show the perjury independently.” Id. at 1032. Indeed, we recently applied the rule and reiterated its unambiguous command as follows:
We hold that the law as stated in Schwartz remains in effect and a perjury conviction under Code § 18.2-434 requires proof of falsity from the testimony of at least two witnesses or other corroborating evidence of falsity in the event the case is supported by the testimony of only one witness.
*581 Keffer v. Commonwealth, 12 Va.App. 545, 549, 404 S.E.2d 745, 747 (1991) (emphasis added).
The Commonwealth sought to prove that Michael Donati committed perjury when he denied masturbating inside a building. In its case-in-chief, the Commonwealth offered as evidence a video, which depicted Donati inside the building. The photographs, which the majority identifies as part of the “real evidence,” were derived from the video recording and, thus, constitute the same evidence as the video. The photographs were not independently generated by a still camera that captured Donati’s images. “Videotapes, like photographs, when properly authenticated, may be admitted under either of two theories: ‘(1) to illustrate the testimony of a witness, and (2) as “mute,” “silent,” or “dumb” independent photographic witnesses.’ ” Brooks v. Commonwealth, 15 Va.App. 407, 410, 424 S.E.2d 566, 569 (1992) (citations omitted).
In this case, however, no witness testified concerning the events depicted on the video recording. The video recording obviously was admitted into evidence as a “[1] “mute,” “silent,” or “dumb” independent photographic’ ” witness. Id. The video recording and the photographs, which were derived from images on the video recording, merely provided depictions of physical facts that presented a jury question. See Carner, Adm’r v. Hendrix, 205 Va. 24, 26, 135 S.E.2d 113, 115 (1964); Wilson v. Commonwealth, 29 Va.App. 236, 240, 511 S.E.2d 426, 428 (1999). The law does not conclusively presume a fact merely because the Commonwealth alleges that a video recording or photograph depicts such a fact.
At the conclusion of the evidence, the trial judge instructed the jury thát “[t]he Commonwealth must establish the falsity of the statement under oath by two or more witnesses, or by one witness whose testimony is corroborated by circumstances inconsistent with the innocence of ... Donati and directly intended to support the testimony of the accusing witness.” This instruction has its genesis in Schwartz, 68 Va. (27 Gratt.) at 1027, a rule of Virginia law that is more than a century old. Giving little deference to this rule, the majority essentially *582 eviscerates it, noting merely that the Commonwealth’s proof in this case was “real evidence, consisting of a videotape and photographs.” Upon that premise, solely, the majority holds that because the jury did not have to decide between competing oaths of a witness and the defendant, the “corroborating evidence” rule is inapplicable.
This case presents no reason to deviate from the Schwartz rule. Even if we assume (1) that the video recording is evidence having the dignity of a witness under oath and (2) that the jury found the video recording to be credible evidence from a “witness” that Donati’s testimony at the revocation proceeding was false, the issue remains, under the Schwartz rule, whether the Commonwealth proved “other corroborating evidence of falsity.” Keffer, 12 Va.App. at 549, 404 S.E.2d at 747. See also Schwartz, 68 Va. (27 Gratt.) at 1032 (holding that corroborating evidence means “evidence aliunde, evidence which tends to show the perjury independently”). The only other evidence that remotely bears on this issue was the detective’s testimony that he saw Donati enter the building and later leave it. The fact that Donati was in the building was undisputed. The detective’s testimony does not tend to prove in any manner what Donati did inside the building, which is the subject of Donati’s testimony that the Commonwealth alleges to be perjury.
Under the common law, perjury has always been difficult to prove because of this stringent proof requirement. Citing “the two-witness rule, under which ‘the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused,’ ” Dunn v. United States, 442 U.S. 100, 108 n. 6, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979) (citation omitted), the United States Supreme Court noted that “the strict common law requirements for establishing falsity ... often [makes] prosecution for false statements exceptionally difficult.” Id. at 108, 99 S.Ct. 2190.
As Wigmore notes, “there may be reasons of policy, founded on experience ..., sufficient to justify [the rule’s] maintenance.” 7 Wigmore on Evidence § 2041, at 361 (Chadbourn *583 ed.1978). “[WJhen we consider the very peculiar nature of this offense, and that every person who appears as a witness in a court of justice is hable to be accused of it by those against whom his evidence tells, ... we shall see that the obligation of protecting witnesses from oppression, or annoyance, by charges, or threats of charges of having borne false testimony, is far paramount to that of giving even perjury its deserts.” Id. (citation omitted). “The rule may originally have stemmed from quite different reasoning, but implicit in its evolution and continued vitality has been the fear that the innocent witnesses might be unduly harassed or convicted in perjury prosecutions if a less stringent rule were adopted.” Weiler v. United States, 323 U.S. 606, 609, 65 S.Ct. 548, 89 L.Ed. 495 (1945). I believe that this common law rule, which is long standing in Virginia, cannot be discarded merely upon a conclusion that Schwartz and similar “cases are simply inapplicable” to the facts of this case.
For these reasons, I would hold that the Commonwealth failed to introduce corroborating evidence of the videotape and, for that reason, under Schwartz, the evidence was insufficient to prove beyond a reasonable doubt perjury. I would reverse the conviction.