COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


TIMOTHY LYNN WILLIAMS, JR.

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
DECEMBER 30, 2003

v.        Record No. 0170-03-1

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Charles E. Haden for appellant.

Jennifer R. Franklin, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Timothy Lynn Williams, Jr. was convicted after a bench trial of five counts of robbery

and four counts of using a firearm while committing a robbery.  He appeals the convictions on

the ground that the trial court infringed on his constitutional right to impeach a juvenile witness

because it would not allow him to question the juvenile about his prior convictions.  We affirm

Williams's convictions.

I.  Background

On appeal, we review the evidence and all reasonable inferences that may be drawn in the

light most favorable to the party prevailing below, in this instance, the Commonwealth.

Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  So viewed,

the evidence shows that Williams admitted to the underlying facts of three of the five robberies.

He denied, however, any involvement in the robbery of Charles Kirkpatrick and Paul Keefe on

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

March 27, 2002, at an automated teller machine (ATM) in Hampton, Virginia.  The Commonwealth called two witnesses, James McMillan and Mark Corbett, who identified Williams as one of the robbers at the ATM.  James McMillan, a juvenile, testified that the robbery was Williams's idea.  McMillan further testified that Williams and Corbett planned the robbery in advance and intended to use McMillan as a lookout.  While the robbery was taking place, McMillan said he hid behind some bushes and emerged to discover Williams and Corbett fleeing the scene.  Corbett also testified that Williams was actively involved in the robbery.

On cross-examination, counsel for Williams attempted to impeach McMillan by asking him if he had ever been convicted of any crimes involving lying, cheating, or stealing.  The Commonwealth objected on the grounds that juvenile convictions can only be used to show bias and cannot be used for general impeachment purposes.  The trial court sustained the objection.

Williams now appeals, conceding the correctness of the Commonwealth's objection but arguing for a change in the law.

## II.  Analysis

Williams concedes in his reply brief that he asked McMillan about his prior juvenile convictions for the purpose of impeaching him generally.  Williams argues, however, that the distinction between impeachment to show bias and impeachment to show a general lack of credibility affords no basis to deny him his Sixth Amendment right to cross-examine witnesses presented against him.  Established precedent clearly mandates we reject Williams's argument.

This Court in <u>Moats v. Commonwealth</u>, 12 Va. App. 349, 404 S.E.2d 244 (1991), held that a defendant may not use a juvenile's prior convictions to attack his credibility generally, but that the defendant may use those convictions to show bias.

> The "defendant's right of confrontation is paramount to the State's policy of protecting juvenile offenders, so that the right effectively to cross-examine a witness to show bias, a *specific* attack on the credibility, outweighs any embarrassment to the witness resulting

from a disclosure of his juvenile court record." Fulcher v. Commonwealth, 226 Va. 96, 99, 306 S.E.2d 874, 876 (1983) (emphasis added) (citing Davis v. Alaska, 415 U.S. 308 (1974)). However, a court may refuse the use of juvenile convictions in a general attack on witness credibility. Kiracofe v. Commonwealth, 198 Va. 833, 97 S.E.2d 14 (1957). The issue thus becomes whether the appellant sought to use the juvenile convictions to demonstrate that the witness was biased or whether instead he sought to use the juvenile convictions to attack generally the witness' credibility.

Moats, 12 Va. App. at 354, 404 S.E.2d at 246. Furthermore, in Bostic v. Commonwealth, 31 Va. App. 632, 525 S.E.2d 67 (2000), we noted that we were compelled by the decision in Kiracofe to maintain the distinction between impeachment to show bias and impeachment generally. Bostic, 31 Va. App. at 636, 525 S.E.2d at 68. We consequently affirmed Bostic's conviction, finding the trial court committed no error in refusing to permit the general impeachment of a witness with his prior juvenile convictions. Id.

Clearly, the law is squarely against Williams on this issue, and Williams concedes as much. He therefore argues for a change in the law. We decline the invitation to do so, finding no reason in this case that warrants changing the balance between protecting the juvenile's anonymity and a defendant's right to confrontation that the Virginia appellate courts and the Supreme Court of the United States have struck and preserved in settled decisional law.

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.