COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia


ELLIOTT McCRAE WILSON
                                        OPINION BY
v.    Record No. 0186-98-4      JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 2, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                    Alfred D. Swersky, Judge

          J. Amy Dillard, Deputy Public Defender, for
          appellant.

          John H. McLees, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Elliott McCrae Wilson appeals his conviction of robbery and

asserts the trial court erred by admitting a videotape taken

during the robbery. He argues the Commonwealth failed to present

evidence to prove that the video taping process was accurate.

Concluding that the evidence properly authenticated the

videotape, we affirm.

     The victim, who does not speak English, went to a 7-11 store

with his grandson. As he stood in the checkout line, the person

standing behind him suddenly came around in front and struck him

in the face. The victim fell to the floor as his attacker

continued to hit him. The attacker searched the victim's pockets

with one hand while hitting him with the other. Though the

victim tried to fend off his attacker, ultimately the attacker

took twenty, one-dollar bills from his shirt pocket.

The victim said he got a good look at his attacker's face, and described him as a strong, black man whose face was a little thicker than usual. The victim could not describe the attacker's clothing and was not able to identify his attacker from police photographs. The 7-11 store had a surveillance camera which photographed the area running along the checkout counter to the front of the store. A camera recorded the attack, and the videotape was retained and offered as evidence at trial.

Approximately one month after the robbery, an Alexandria police officer recognized the defendant in still pictures made from the store's videotape. He interviewed the defendant, and the defendant admitted being in the 7-11 on the day of the incident and fighting with a Hispanic man. The defendant admitted that he threw punches, but he denied taking anything from the person he fought. When shown the still pictures from the videotape, the defendant said, "that looks like me," and "that looks like the Hispanic guy."

The Commonwealth offered the store's videotape as evidence. After viewing the videotape, the victim stated that it fairly and accurately illustrated what had happened to him at the store. The defendant objected that the foundation did not sufficiently authenticate the tape. He argued the Commonwealth had to prove the accuracy of the process that the store used in producing the tape. The trial court admitted the tape finding that the victim properly authenticated it by testifying it fairly and accurately

portrayed what had happened to him.  The court also admitted several individual frames printed from the videotape.

The admissibility of videotapes is governed by the rules applicable to photographs.  See Stamper v. Commonwealth, 220 Va. 260, 270-71, 257 S.E.2d 808, 816 (1979), cert. denied, 445 U.S. 972 (1980).  Their admission is within the sound discretion of the trial court, reviewable only for an abuse of discretion.  See Spencer v. Commonwealth, 238 Va. 295, 384 S.E.2d 785 (1989).

Photographs are generally admitted into evidence for two purposes: to illustrate a witness' testimony, and as an "independent silent witness" of matters revealed by the photograph.  See Ferguson v. Commonwealth, 212 Va. 745, 746, 187 S.E.2d 189, 190 (1972).  "[A] photograph which is verified by the testimony of a witness as fairly representing what that witness has observed is admissible in evidence and . . . it need not be proved by the photographer who made it."  Id.  See Goins v. Commonwealth, 251 Va. 442, 470 S.E.2d 114 (1996); Chesapeake & Ohio Ry. v. Kinzer, 206 Va. 175, 142 S.E.2d 514 (1965).

The trial court's admission of the videotape and still pictures was not error.  A proper foundation for the videotape was laid by the victim.  The victim had personal, direct knowledge of the facts occurring and the scene captured on the tape.  He testified that the tape accurately showed the assault on him as it was occurring.  The videotape corroborated and portrayed graphically the victim's testimony.  Because a witness with knowledge testified that the videotape was what it claimed

- 3 -

to be, the Commonwealth did not need to prove the accuracy of the process that produced it. The individual pictures taken from the videotape were simply individual segments printed from the full exhibit. When the whole videotape was authenticated and admitted, any individual segment of the whole was also authenticated and admitted.

The defendant moved to strike the evidence because the Commonwealth had not proven identity. He argued that the videotape and individual pictures had been admitted only as an illustration of what happened to the victim during the altercation. He argued the pictures could not be used to identify the defendant because the victim could not identify the defendant in the picture. The trial court disagreed and admitted the tape for all purposes.

The pictures were probative of the identity of the robber even though the victim could not identify him. The fact finder may take into consideration and regard as evidence details of the photograph about which no testimony has been offered. See Mullins v. Clifton, 204 Va. 515, 132 S.E.2d 422 (1963). Finally, if there was any serious question that the videotape accurately recorded the events, it was eliminated by the evidence that the defendant acknowledged the pictures looked like him and the person with whom he fought.

The trial court did not abuse its discretion by admitting the videotape and pictures printed from it.  Accordingly, we affirm the judgment.

<u>Affirmed</u>.