COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


JACQUELINE RODGERS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1944-04-2                      JUDGE JAMES W. HALEY, JR.
                                                         JULY 5, 2005
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                            Leslie M. Osborn, Judge

             Melissa Fraser, Assistant Public Defender (Office of the Public
             Defender, on brief), for appellant.

             Denise C. Anderson, Assistant Attorney General (Judith Williams
             Jadgmann, Attorney General of Virginia, on brief), for appellee.


        Appellant challenges the sufficiency of the evidence from a conviction under Code

§ 18.2-474.1.  That section reads, in pertinent part, ". . . any person who shall willfully in any

manner deliver, attempt to deliver . . . to any prisoner . . . marijuana . . . shall be guilty of a Class

5 felony."  We affirm.

                                            I.

        Appellant Jacqueline Rodgers visited her husband William Beard, an inmate at the

Baskerville Correctional Center in Mecklenburg County, on February 8, 2003.  Ms. Rodgers was

searched and patted down by a correctional officer on arrival.  The officers also conducted a K-9

air space scan.  No contraband was found on the person of Ms. Rodgers at that time.  However,

at trial an expert in K-9 detection testified that an item which was packaged in a clear plastic bag

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

surrounded by a latex balloon would make it very difficult for a K-9 to detect. This packaging would also be difficult to detect during a pat-down search, if secreted in a body cavity.

Correctional Officer Hinkle observed and monitored by videotape the visitation area, an open common area with tables, chairs, and vending machines, during the visit between Ms. Rodgers and Mr. Beard. Officer Hinkle observed Rodgers and Beard looking around to see where correctional officers were in the room. Based on her experience and six-year tenure as a correctional officer at Baskerville Correctional, Hinkle found this behavior suspicious and focused the camera on Rodgers and Beard.

The evidence, specifically the videotape and pertinent still photographs derived from it, showed that Rodgers left the table and disappeared from the view of the camera for a period of two minutes and forty seconds. Rodgers testified that she might have thrown away trash but did not remember what she did during that period. Upon Rodgers' arrival back at the table, Officer Hinkle testified, and the videotape and still photographs confirmed, that she observed Ms. Rodgers reach down to her waistband and put something in a small chip bag, roll up the bag, and place it in front of Mr. Beard. Mr. Beard unrolled the bag, reached in, and placed a small red object in his mouth.[1] Hinkle testified that she observed Beard move his mouth around like "he was just trying to place it where it would be comfortable." Hinkle immediately summoned and alerted her supervisor, Captain Bailey, of the situation.

Immediately after the visit, Mr. Beard was returned to the inmate area. He was strip-searched before being allowed to return to his dormitory.[2] Within one-half hour after the visit, Officer Margaret Dempsey was ordered to secure Mr. Beard's property from his dormitory,

---

[1] The trial judge found as a fact, based on the videotape and still photographs, that the object Beard placed in his mouth was red.

[2] Testimony from Lieutenant Robinette, a twenty-two-year employee of Baskerville Correctional Center, indicated that a strip search is not the same as a body cavity search.

based on Officer Hinkle's observations. While placing Mr. Beard's items in trash bags, Officer Dempsey testified that a small, red rolled-up balloon fell out of books that were under his mattress. The red balloon was seized and sent to the Correctional Center's lab. The lab returned results that stated that the substance in the red balloon was eleven hundreds of an ounce of marijuana.

At trial, the videotape and the still photographs were admitted into evidence without objection. Appellant testified and denied the charge. The trial court found Ms. Rodgers guilty and set a date for sentencing. The court found appellant guilty, noting that the conviction was based in large part on the videotape evidence. Ms. Rodgers was sentenced to three years incarceration with all but thirty days suspended, three years good behavior, a $500 suspended fine, and one-year probation.

## II.

When the sufficiency of the evidence is challenged on appeal, we "review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Ortega v. Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000) (quoting Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (additional citation omitted)).

## III.

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). The trial judge found Ms. Rodgers guilty of the offense charged based on the testimony of correctional officers, expert witnesses, and the videotape and still photographs of the transfer of the marijuana. The Supreme Court of Virginia has adopted the "silent witness rationale" of

photographic evidence.  Ferguson v. Commonwealth, 212 Va. 745, 746-47, 187 S.E.2d 189, 191 (1972).[3]  "Given an adequate foundation assuring the accuracy of the process producing it, the photograph [or videotape] should be received as a so-called silent witness or as a witness which 'speaks for itself.'"  Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992).

The judge determined that the videotape and still photos eliminated every reasonable theory of innocence.  We conclude that that evidence was sufficient and accordingly affirm.

Affirmed.

---

[3] Under Virginia law, videotape evidence is governed by the same rules as photographic evidence.  See Stamper v. Commonwealth, 220 Va. 260, 270-71, 257 S.E.2d 808, 816 (1979), and Wilson v. Commonwealth, 29 Va. App. 236, 238, 511 S.E.2d 426, 428 (1999).