COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Chief Judge Huff, Judge O'Brien and Senior Judge Haley
Argued at Norfolk, Virginia


MAURICE ALEXANDER WILLIAMS
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1557-14-1                    JUDGE JAMES W. HALEY, JR.
                                                      DECEMBER 22, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Glenn R. Croshaw, Judge

T. Gregory Evans, Assistant Public Defender, for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Maurice Alexander Williams, appellant, appeals his conviction of third or subsequent

offense petit larceny, a felony, in violation of Code §§ 18.2-96 and 18.2-104. Appellant contends

the trial court erred by admitting a surveillance videotape into evidence, and allowing witnesses to

testify as to its content, without the Commonwealth offering a proper foundation. Appellant further

argues the evidence was insufficient to support the conviction. For the reasons that follow, we

affirm the decision of the trial court.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438,

443, 358 S.E.2d 415, 418 (1987)). "The credibility of the witnesses and the weight accorded the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The evidence adduced at trial established that Sherri Keement, an ABC store clerk, was working in the store when appellant made a purchase of one miniature bottle of alcohol. Approximately twenty-five minutes later, appellant reentered the ABC store, but did not make a purchase before exiting. Appellant attempted to come into the store a third time, but Keement told him he could not enter because he appeared to be intoxicated. The two argued briefly, appellant left, and Keement notified the police. Officer Andre Jerry located appellant outside a nearby store, face down on the ground. Jerry testified appellant smelled of alcohol and appeared to be intoxicated. Jerry saw four miniature alcohol bottles on the ground beside appellant. Two bottles were Malibu Swirl, one Paul Mason, and one Paul Mason VSOP. Jerry shook appellant to wake him and asked how much he had had to drink. Appellant replied, "Too much." Jerry asked appellant if he had purchased the four miniature bottles. Appellant stated he had but he could not produce a receipt.

Jerry took appellant to the ABC store, and Keement identified him as the person about whom she had called the police. Jerry asked Keement if the store was missing any merchandise. Jerry and Keement reviewed the surveillance videotape from the store and determined appellant took miniature bottles from a shelf and put them in his pocket the second time he came into the store. Keement reviewed the ABC store records and discovered the store inventory was short four miniature bottles of alcohol: two Malibu Swirl, one Paul Mason, and one Paul Mason VSOP.

Keement testified the videotape accurately depicted her observations of appellant's presence in the store and the "occurrences that take place at that location." She identified herself

and appellant in the video. Keement confirmed the tape accurately depicted the events at the store on that evening. The videotape contained time stamps indicating the passage of time.

Appellant testified he purchased one miniature bottle of alcohol and another customer gave him the other bottles. He claimed he had been sitting on a wall outside the store and he had fallen due to a medical condition in his leg. Appellant denied stealing any alcohol from the store.

SURVEILLANCE VIDEO

"Ordinarily, the admissibility of videotape films is governed by the same rules which apply to the admission of photographs or motion pictures." Stamper v. Commonwealth, 220 Va. 260, 270-71, 257 S.E.2d 808, 816 (1979).

> We consistently have held that the admission of photographs into evidence rests within the sound discretion of a trial court, and that the trial court's decision will not be disturbed on appeal unless the record discloses a clear abuse of discretion. Walton v. Commonwealth, 256 Va. 85, 91-92, 501 S.E.2d 134, 138, cert. denied, 525 U.S. 1046 (1998); Goins v. Commonwealth, 251 Va. 442, 459, 470 S.E.2d 114, 126, cert. denied, 519 U.S. 887 (1996). Photographs are generally admitted into evidence for two purposes: to illustrate a witness' testimony, and as an "independent silent witness" of matters revealed by the photograph. See Ferguson v. Commonwealth, 212 Va. 745, 746, 187 S.E.2d 189, 190, cert. denied, 409 U.S. 861 (1972). "[A] photograph which is verified by the testimony of a witness as fairly representing what that witness has observed is admissible in evidence and . . . it need not be proved by the photographer who made it." Id.

Bailey v. Commonwealth, 259 Va. 723, 738, 529 S.E.2d 570, 579 (2000). Further, Rule 2:901 of the Virginia Rules of Evidence states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims."

Appellant contends the Commonwealth failed to offer an adequate foundation for the admission of the videotape. However, Keement verified the videotape represented what she observed. Keement affirmed that the surveillance footage "fairly and accurately depict[ed] the

occurrences that take place at that location" and "memorialize[d] the transactions that happened throughout the day at" the ABC store. Keement identified herself in the video and identified appellant in court and on the videotape. Keement described the taping procedures and corroborated the date and time stamps consistent with her personal observations that night. Thus, prior to the trial court admitting the videotape, Keement reasonably established the provenance of the images displayed on the recording. Keement provided "personal, direct knowledge of the facts occurring and the scene captured on the tape." Wilson v. Commonwealth, 29 Va. App. 236, 239, 511 S.E.2d 426, 428 (1999). She testified that the tape accurately depicted what occurred that evening and the videotape corroborated her account; i.e., the recording was what it was purported to be. Therefore, the Commonwealth provided a sufficient foundation for the trial court to admit the videotape as an illustration of the witness' testimony.

To the extent that there were portions of the recording Keement did not personally observe, we find nothing in the case law to suggest that a witness must personally observe the entirety, or every detail, of the proffered photograph or recording. The portions of the videotape that Keement could verify as accurate and representative of the events during the evening of the theft served to establish the authenticity of the entire recording. See Clagett v. Commonwealth, 252 Va. 79, 87, 472 S.E.2d 263, 268 (1996). Nevertheless,

> "[e]ven though no human is capable of swearing that he personally perceived what a photograph [or videotape] purports to portray . . . there may nevertheless be good warrant for receiving [it] in evidence. Given an adequate foundation assuring the accuracy of the process producing it, the photograph [or videotape] should then be received as a so-called silent witness or as a witness which 'speaks for itself.'"

Brooks v. Commonwealth, 15 Va. App. 407, 410, 424 S.E.2d 566, 569 (1992) (quoting Ferguson, 212 Va. at 746, 187 S.E.2d at 190).

To the extent that the videotape was acting in part as a silent witness, Keement addressed the accuracy of the process in her testimony by noting the time and date stamps and the consistent

passage of time. She also noted she viewed the surveillance footage with Jerry when he brought appellant back to the store upon his arrest and there was no indication the videotape was altered. Any question as to the accuracy of the portions Keement did not personally observe merely affected the weight of the evidence, not its admissibility.

Appellant's second assignment of error claims the trial court erred by allowing Keement and Jerry to testify as to the contents of the videotape. Appellant conceded on brief that a witness may testify as to the contents of an admissible photograph or videotape, whether it is admitted or not. See Brown v. Commonwealth, 54 Va. App. 107, 118, 676 S.E.2d 326, 331 (2009) (trial court did not err by allowing witness to testify describing content of surveillance videotape). Additionally, appellant conceded at oral argument that if the Court found the videotape to be admissible, his second assignment of error would be moot. Having concluded the trial court did not err in admitting the videotape, we need not address the second assignment of error.

Accordingly, we find the Commonwealth laid a proper foundation and the trial court did not err by admitting the surveillance videotape and allowing the witnesses to testify about the recording's content.

## SUFFICIENCY OF THE EVIDENCE

Appellant argues the evidence was insufficient to support the conviction for third or subsequent offense petit larceny. "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000) (citation omitted).

The trial court clearly rejected appellant's testimony denying he stole the miniature bottles of alcohol. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). This Court will not disturb that credibility finding.

In the light most favorable to the Commonwealth, the evidence showed that Jerry found appellant passed out on the ground, intoxicated, with four miniature alcohol bottles lying on the ground next to him. The videotape shows appellant removing items from the shelf in the miniature bottle section of the store and pulling them in toward his person. As the trial judge found, "the video clearly demonstrate[d] that there was a theft of the bottles in question." Appellant immediately left the store without making a purchase. That same evening, Keement checked the store's inventory and determined the store was short four miniature bottles of the same brands of alcohol found next to appellant. This direct and circumstantial evidence supported the trial court's conclusion that appellant stole the four miniature bottles of alcohol. Therefore, the trial court did not err by finding the evidence was sufficient to prove beyond a reasonable doubt that appellant stole the merchandise.

CONCLUSION

The Commonwealth established a proper foundation to allow the trial court to admit the surveillance videotape with the witness adequately verifying the videotape was what it purported to be. Having determined the admissibility of the videotape, the witnesses properly described the contents of the security footage. Appellant's actions, as memorialized in the videotape, coupled with the evidence that Jerry found appellant with the same number and brands of alcohol missing from the store's inventory, was sufficient evidence to find appellant stole the merchandise from the ABC store. Accordingly, finding no error by the trial court, we affirm.

Affirmed.